# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| JERRY BARNOSKY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 17-00126-CV-W-RK-SSA |
| | ) |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SSA; | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability benefits. The decision of the Commissioner is **AFFIRMED**.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *KKC v. Colvin*, 818 F.3d 364, 374 (8th Cir. 2016) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the [Commissioner's] conclusion." *Gann v. Berryhill*, 864 F.3d 947, 950 (8th Cir. 2017). In determining whether existing evidence is substantial, the Court takes into account "evidence that both supports and detracts from the ALJ's decision." *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2016) (quoting *Perkins v. Asture*, 648 F.3d 892, 897 (8thCir. 2011). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quotation and citation omitted).

## Discussion

By way of overview, the ALJ determined the Plaintiff suffers from the following severe impairments: degenerative joint disease of the bilateral feet, generalized osteoarthritis, morbid obesity, chronic obstructive pulmonary disease (COPD), and cor pulmonale. The ALJ also determined the Plaintiff has the following non-severe impairments: history of hypertension that is controlled with medication, decreased HDL cholesterol, headaches, obstructive sleep apnea, and hypothyroidism. However, the ALJ found that none of the Plaintiff's impairments, whether considered alone or in combination, meet or medically equals the criteria of one of the listed impairments in 20 CFR Pt. 404. Subpt. P, App. 1 ("Listing"). Additionally, the ALJ found that despite his limitations, and as of Plaintiff's Date Last Insured (DLI) of December 31, 2015, Plaintiff retained the residual functional capacity ("RFC") to perform less than a full range of sedentary exertional level work, in that he can lift and carry up to ten pounds occasionally and lift or carry less than ten pounds frequently, stand and/or walk for two hours out of an eight-hour workday, and sit for six hours out of an eight-hour workday; he requires the use of an assistive device for prolonged ambulation, standing and balance, but would remain at the workstation on task and the opposite upper extremity could be used to lift and/or carry up to the exertional limitation; he requires a sit/stand option, and should never climb ladders, ropes and scaffolds, kneel, crouch or crawl; he can occasionally climb ramps and stairs, balance and stoop; Plaintiff can occasionally use foot controls bilaterally; he should never work at unprotected heights, with moving mechanical parts; he should not be exposed to humidity/wetness, dust, odors, fumes and pulmonary irritants, extreme cold and extreme heat; and can occasionally work in vibration. The ALJ determined the Plaintiff was unable to perform past relevant work as a truck driver and golf course laborer, but there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed.

On appeal, Plaintiff alleges errors related to whether the ALJ: (1) properly evaluated Plaintiff's subjective complaints, morbid obesity and the medical opinions of record, and (2) properly formulated Plaintiff's RFC.

First, the ALJ appropriately found Plaintiff's subjective complaints and allegations of disability inconsistent with the record as a whole and less than fully credible. Here, the ALJ appropriately considered Plaintiff's limited and conservative medical treatment, inconsistencies

in the medical record, and Plaintiff's daily activities in making the credibility determination. *See Perkins v. Astrue,* 648 F.3d 892, 899-900 (8th Cir. 2011) (A history of limited and conservative treatment undermines allegations of disabling symptoms); *Ponder v. Colvin*, 770 F.3d 1190, 1195-96 (8th Cir. 2014) (substantial evidence supports the ALJ in finding the claimant was not disabled where the claimant was not restricted in daily activities including: laundry, light housework, cooking meals, and grocery shopping); *Travis v. Astrue*, 477 F.3d 1037, 1042 (8th Cir. 2007) (a court will not substitute its opinion for the ALJ's, who is in the better position to gauge credibility and resolve conflicts in the evidence). Accordingly, there is sufficient and substantial evidence in the record to support the ALJ's finding that Plaintiff's credibility was lacking.

Second, substantial evidence exists to support the ALJ's evaluation of the medical opinions. The Plaintiff argues the ALJ did not appropriately explain and support his evaluation of the medical opinions. *See Hilgart v. Colvin*, 2013 WL 2250877, at *4 (W.D. Mo. May 22, 2013) (an ALJ is required to justify each conclusion reached; however, an ALJ does not need to cite specific medical evidence to justify each conclusion). Plaintiff specifically disputes the ALJ's evaluation of Dr. Maben. The ALJ afforded only partial weight to Dr. Maben's opinion rather than controlling weight because Dr. Maben's opinions were inconsistent with the objective medical evidence, were internally inconsistent, were substantially based on the Plaintiff's subjective complaints, and were inconsistent with the Plaintiff receiving only relatively minimal treatment that was largely conservative. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir.2006) (a physician's own inconsistencies may undermine his opinion and diminish or eliminate the weight given to the physician's opinion); *see also Gonzales v. Barnhart*, 465 F.3d 890, 895 (8th Cir. 2006) (an ALJ may award less weight to a medical opinion when that opinion appears to be largely based on the plaintiff's subjective complaints). Accordingly, there is sufficient and substantial evidence in the record to support the ALJ's evaluation and weighing of the medical evidence.

Finally, substantial evidence supports the ALJ's RFC determination. *See Goff v. Barnhart*, 421 F.3d 785, 793 (8th Cir. 2005) ("The ALJ must assess a claimant's RFC based on all relevant, credible, evidence in the record, 'including medical records, observations of treating physicians and others, and an individual's own description of his limitations.'"). Although the

ALJ found Plaintiff's credibility lacking, the ALJ still formulated a restrictive RFC with explanation of how he accounted for Plaintiff's impairments.

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: December 14, 2017